## SUPREME COURT.

AZARIAH BOODY, respondent, agt. DANIEL DREW and others, appellants.

When a joint-stock operation has been adjusted by the distribution of stock *pro rata*, according to the interest paid for by the parties, said adjustment cannot be disturbed at the instance of one of the stockholders.

Managers appointed in pursuance of a jointure of interests, to conduct the affairs of the parties joined, are liable for neglect or fraud, but the stockholders stand to each other in the relation of co-owners of the property managed, and cannot be made liable for the acts of their managers.

*General Term, January,* 1874.

FANCHER, *J.*—The case made by the complaint may be briefly stated. The allegations are substantially these:

1. That the firm of Kenyon Cox & Co. (composed of Kenyon Cox, Horace Manuel, William M. Hutchison and Daniel Drew) and Azariah Boody (who is the plaintiff), Milton Cortwright, Abraham B. Baylis, Stephen H. Alden, John M. Hutchison, Sidney Dillon and John S. Casement, entered into an agreement, in December, 1871, to be interested, in certain agreed proportions, in the purchase, sale and ultimate division, of 71,000 shares of the common stock of the Toledo, Wabash and Western Railway Company, and to share in the profit and loss, in the like proportions. Managers named were to buy and carry the stock until November 1, 1872.

2. That the title to said stock should be taken by four managers, viz.: Daniel Drew, Milton Cortwright, Abraham B. Baylis and Kenyon Cox, who should buy, sell and manage the same till November, 1872; and that the managers might increase the number of shares by buying and selling " puts."

3. That the proportions in which said parties should be interested in said stock were as follows: Azariah Boody, 12,500 shares; Daniel Drew, 30,000 shares; Milton Cortwright, 7,500 shares; Kenyon Cox & Co., 5,000 shares; Stephen H. Alden, 5,000 shares; John M. Hutchison, 5,000 shares; Abraham B. Baylis, 2,000 shares; Sidney Dillon, 2,000 shares; John S. Casement, 2,000 shares.

4. That each party should furnish to the managers the money and securities required to buy and carry his agreed proportion of the stocks, or be subject to sale and forfeiture; and that the managers might employ brokers to buy and sell stocks, and might sell privileges to put and call the stock.

5. That the managers should not deal in said Toledo, Wabash and Western Railway stock on their individual account.

6. That the managers should keep accounts of all the transactions.

7. That the transactions should be closed November 1, 1872, and the respective parties should then take from the managers their ratable proportion of the shares on hand, paying to the managers their ratable proportion of the cost and bearing their ratable proportion of any losses that might result.

8. That on the 1st of November, 1872, the managers represented that 88,500 shares were on hand; that they had cost $6,767,619.89; that the plaintiff's proportion of the shares was 15,600 shares, and his proportion of the cost was $1,192,936.68; that thereupon said managers demanded that the plaintiff should take up such 15,600 shares, and should pay therefor such last-mentioned sum; and, as he is informed and believes, said managers made similar demands upon others of the subscribers to said contract, that they should take up their proportion of said shares on hand, and pay their proportion of the cost price, as above stated.

9. That the managers violated their agreement not to deal

Boody agt. Drew.

with the stock on their individual account, had dealt therein and "turned in their stock" to the account of the associates.

10. That the managers had improperly managed the trust, and made improper charges to the cost of carrying the stock; that they have not properly accounted; that, in adjusting with the plaintiff, they had put on him some of their individual shares as a part of the stock belonging to the associates, and that upon a proper accounting between the managers and associates, and between the associates themselves, "there will be found due to the plaintiff a large sum of money," without saying from whom—by implication from the managers.

11. That the plaintiff is entitled to an account from the managers.

The complaint prays that the managers may account accordingly:

"And that an account may be had and taken between the several subscribers to the said contract of December, 1871, of all the transactions had and conducted thereunder."

That each subscriber may be decreed to pay to the others whatever may be found due, and the plaintiff offers to pay what he may be found to owe.

And that plaintiff may have "such other or further relief as the court may seem proper."

It is apparent from the complaint that the plaintiff's right to an account is, upon the facts stated, a right against the managers alone. It depends upon the stipulation of the agreement and the transactions of the managers. It does not depend upon the plaintiff's ignorance of the state of the general partnership account. If it did, that account, by the plaintiff's own showing, cannot be reopened at so late a day, except for sufficient cause stated as against all the associates. It must have been adjusted between the managers and other associates when their several rights to the shares of stock were ascertained, and the stock distributed, on the first of November, 1872. The plaintiff alleges that the managers

made demands upon the several associates for their contributions, and states that he took his share of the stock. That could not be, unless the shares of the other associates were ascertained. The plaintiff makes ground for the irresistable inference that the other associates took their shares of the stock as well as himself. The complaint does not state any facts sufficient to authorize the reopening of that adjustment, except as to the managers. It alleges that the plaintiff took his share of the stock, retiring his securities; and, if, as it must be inferred, the other associates, on the first of November, 1872, also took from the managers their shares of stock, they must severally have made their respective adjustments with the managers. What ground of complaint has the plaintiff against any of the associates, to reopen an adjustment of accounts thus deliberately made? The only grounds stated in the complaint are, that the managers violated their independent agreement not to deal in the stock on their individual account; that the managers had improperly managed the trust; had made improper charges to the cost of carrying the stock, and have not properly accounted. Let it be granted. It then follows that the plaintiff may have his action against the managers, and, if he substantiate his allegations, may have redress to the amount he has been damnified. But it by no means follows that the plaintiff can elect for the other associates to undo the November settlement, or call on them for a further account, or compel them to submit to the plaintiff's desire for a new adjustment.

The plaintiff must have assented to one adjustment when he took his share of stock. The other associates may prefer to keep their stock apportioned when the plaintiff took his share. Before they could be induced to come into the new position where the plaintiff seeks to place them, they might wish to consider whether they had better surrender what they received in the November settlement, and claim a new deal, or whether their interests are best subserved by standing upon the settlement. Certainly they have the right to adhere

Boody agt. Drew.

to the settlement if they wish to do so, and the plaintiff has no right to volunteer as their champion to break it up. He may act for himself, but not for them, unless they consent, which they have not done.

The plaintiff, as it appears from the complaint, is dissatisfied with the adjustment made between the managers and the other associates. He has set forth nothing that would induce the court to set aside the adjustment as to any of the associates except the managers. The plaintiff retains all the stock he received. He does not offer to return, or allege his ability to return, any part of it. He does not allege that any other associate is dissatisfied, nor that any of them but the managers had any participation in or suspicion of any act or omission of the managers, of which the plaintiff complains. The plaintiff should be left to make out his case against the managers if he can. But before he can have all the associates summoned to respond to his action, he must allege some cause of action against them. His complaint, as it now stands, alleges no cause of action against any of the defendants *except the managers*. He states that "although he has taken up his stock and redeemed the securities deposited by him with said managers, he has been unable to obtain from them a statement of the transactions conducted by them under and in pursuance of said contract." If the plaintiff has taken his share of the stock, he has had all the advantage of the same. He may have sold it and received the proceeds. He does not offer to return the stock nor the proceeds of it, but avails himself of the benefit of the agreement to the extent of receiving all "his share of the stock." He is not in a position to call any of the associates to account, except the managers, and the complaint is not sufficient, in my judgment, to enable him to do so, as against the other associates.

The only portion of the complaint relied upon by the plaintiff in the particular which calls for an account from the associates, other than the managers is the following :

"And plaintiff further alleges that the managers have not

Boody agt. Drew.

accounted, in respect to the transactions covered by the agreement of December 22, 1871, and on information and belief, that the accounts between the several associates in respect thereto are unadjusted and unsettled, and that, if said accounts were adjusted and settled between the managers and the associates, and between the several associates as between themselves, there will be found to be due to this plaintiff a large sum of money."

But this paragraph of the complaint, in connection with all other averments therein, and the prayer thereof, make out no more than a cause of action against the managers. It is as to " the transactions covered by the agreement," in respect of which the plaintiff, on information and belief, alleges the accounts between the several associates are unadjusted and unsettled. Yet those transactions, so far as to apportion the stock, were assented to by the plaintiff. None of the associates, except the plaintiff, may complain of the adjustment of those " transactions." If they received their portion of stock, when they were entitled to it, in November, 1872, they may be satisfied. If any sum be found due the plaintiff, as claimed in the complaint, it is not averred that it will be due from any but the managers. Nor are any facts alleged from which it would result that any one is liable to the plaintiff except the managers.

I think the judgment should be reversed, with costs, and the demurrer sustained, with liberty to the plaintiff to amend on payment of costs.